NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-99-KKC

SUSAN BALDWIN NEWSOME                                                                             PLAINTIFF

VS:                             **MEMORANDUM OPINION AND ORDER**

WERNER COMPANY CSC LAWYERS
SERVICE, INC.,                                                                                        DEFENDANT

The plaintiff, Susan Baldwin Newsome, who lists her address as 2044 Indian Creek Road, Virgie, Kentucky, 41572, has filed a *pro se* complaint. She alleges that on April 8, 2004, she sustained serious, permanent bodily injuries when the ladder on which she was standing collapsed underneath her. She alleges that the defendant, Werner Company, defectively manufactured the ladder [Record No.1].[1] She filed two motions to proceed *in forma pauperis*, which will be addressed by separate Order.

The plaintiff does not identify the basis for federal court jurisdiction. She has filed in the record a "Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction" [Record No. 3].[2] That Notice, however, was neither signed by any member of this Court, including

---

[1] The plaintiff submitted a pre-printed form on which she typed her responses. The type print font she used was almost too small to decipher. In the event the plaintiff files any future typewritten pleadings in this Court, she is advised to use a larger font size.

[2] This form is an official form of this Court, by which certain limited legal proceedings are referred to an Article I Magistrate Judge for disposition, under the authority of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73. It is commonly referred to as a "Referral Order."

the undersigned presiding judge, nor filed with the consent of any member of this Court.[3]

The Court screens this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

### DEFENDANTS

The plaintiff has named the following entity (and/or entities) as a defendant: "Werner Company CSC Lawyers Service, Inc., 421 West Main Street, Frankfort, Kentucky 40601." It is unclear to the Court whether the plaintiff intends this designation to identify one entire defendant, or whether "CSC Lawyers Service, 421 Main Street, Frankfort, Kentucky 40601" is a separate law

---

[3] The Court finds it *highly* disturbing that the plaintiff filed this blank "Referral Order" form. This form was not signed at the bottom by any member of this Court. It appears to the Court that the plaintiff took it upon herself to partially complete the "Referral Order," as if to represent that the Court had in some manner authorized its use.

office, or another entity, authorized to accept service of process on behalf of "Werner Company."

## CLAIMS

The plaintiff alleges that she climbed a Werner 360 Series Ladder while hanging a wreath outside of her home in Virgie, Kentucky. She states that as a result of the ladder collapsing underneath her, she sustained a subdural hematoma and a broken back; underwent extended hospitalization and convalescence; and experienced other related medical problems, such as memory loss, and ongoing pain and suffering. She alleges that her injuries are permanent.

The plaintiff asserts that the defendants(s) are liable to her under theories of products liability and gross negligence. She claims that the Werner 360 Series ladder from which she fell was defectively manufactured. Construed broadly, the plaintiff asserts state law tort claims.

## RELIEF REQUESTED

The plaintiff requests unspecified monetary damages for pain and suffering, and past and future medical expenses.

## DISCUSSION
### 1. Subject Matter Jurisdiction Required

The preliminary issue which the Court must address relates to subject matter jurisdiction. Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at

any time during the course of an action. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). Once challenged, the burden of establishing a federal subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

### 2. Incomplete Diversity of Citizenship

The plaintiff is unable to avail herself of diversity jurisdiction as defined 28 U.S.C. §1332.[4] Diversity jurisdiction in the district court requires complete diversity, *i.e.*, none of the defendants can be citizens of the same state as any of the plaintiffs. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-78, 2 L. Ed. 435 (1806); 28 U.S.C. §1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L. Ed.2d 437 (1996) (Diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side). "[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989).

Applying this law to the facts of the instant complaint, the plaintiff cannot establish subject

---

[4] 28 U.S.C. §1332 reads in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
- - - -
(c) For the purposes of this section and section 1441 of this title--

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .

4

matter jurisdiction based upon diversity of citizenship. The plaintiff, a Kentucky resident, has not identified the citizenship of Defendant "Werner Company." She lists "CSC Lawyers Service, Inc." as a defendant. The address she provided for that entity, however, indicates that it is located in Frankfort, Kentucky. Defendant CSC Lawyers Services is therefore also a "citizen" of Kentucky. As pertains to either one defendant or possibly two defendants, the complaint is woefully inadequate for purposes of establishing the existence of diversity jurisdiction as defined 28 U.S.C. §1332.

### 3. No Basis for Pendent Jurisdiction

To the extent that the plaintiff has asserted possible state law claims, dismissal without prejudice is still appropriate. *See Mayers v. Sedgwick Claims Management Services, Inc*., 101 Fed.Appx. 591, 2001 WL 34561629, 34561629, (6th Cir. (Tenn.) June 10, 2004) (Not selected for publication in the Federal Reporter). In *Mayers*, the Sixth Circuit held that the district court, having found no basis for federal jurisdiction, properly declined to consider the plaintiff's state law claim which included breach of contract, gross negligence, fraud, and breaches of duty and due care.

Absent any other basis for jurisdiction, federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)). Without more, federal courts are not an avenue for redress of tort claims. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993). This Court has no jurisdiction over state law claims. *Long v. Bando Manufacturing of America*, 201 F.3d 754, 759 (6th Cir. 2000); *Baldridge v. Kentucky-Ohio Transportation, Inc*., 983 F.2d 1341 (6th Cir. 1993) (this Court properly remanded a wrongful discharge action to state court).

In sum, the instant plaintiff has failed to demonstrate any basis for subject matter jurisdiction

over her claims of negligence and products liability. *See Erdman v. Robinson*, 2004 WL 2320340, *1 (6th Cir.(Mich.) September 20, 2004) (Only the Westlaw citation is currently available) (Not selected for publication in the Federal Reporter) ("The district court properly dismissed Erdman's action because no basis for jurisdiction is apparent on the face of his complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974).")

The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims of negligence and products liability. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L. Ed.2d 218 (1966); *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279-80 (6th Cir.2000). The plaintiff's claims of alleged negligence and/or products liability are dismissed without prejudice. Fed.R.Civ.P. 12 (b)(1); *Apple v. Glenn*.

## CONCLUSION

**IT IS ORDERED** that this action is **DISMISSED**, without prejudice. Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendants.

Dated this 22nd day of September, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**